### THE POLISH ROMAN CATHOLIC UNION
*v.*
### ANNA WARCZAK.

*Opinion filed October 25, 1899.*

1. BENEFIT SOCIETIES—*constitution of local lodge controls in case of conflict between it and constitution of head lodge.* The constitution of a local branch of a benefit society forms a part of a member's contract of insurance, and where there is no requirement that the constitution and by-laws of the subordinate societies must strictly conform to those of the association, which has no transactions with the members directly, the former governs in case of conflict.

2. SAME—*society relying on forfeiture must show that the constitution was strictly followed.* It is incumbent upon a benefit society to show that a forfeiture and suspension relied on as a defense to a suit for mortuary benefits were made in accordance with the constitution and by-laws of the society.

3. TRIAL—*when remarks by the court to witness are not objectionable.* Remarks made by the court in an endeavor to get the evidence before the jury in a manner to be understood by them are not objectionable where the witness testified in a foreign language.

4. APPEALS AND ERRORS—*when refusal of defendant's instructions is not erroneous.* Refusal of instructions requested by the defendant association in an action upon a benefit certificate is not error, when no defense against the *prima facie* case of plaintiff is made out.

*Polish Roman Catholic Union* v. *Warczak*, 82 Ill. App. 351, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

CZARNECKI & KORALESKI, for appellant.

JAMES H. WESTCOTT, Jr., for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Prior to April 18, 1894, appellant was a fraternal and benevolent society incorporated under the laws of this State, and made up of subordinate or branch societies, which were also incorporated, including branch No. 147,

known as St. Adelbert Society. The corporation was not incorporated for pecuniary profit. On April 18, 1894, the appellant issued a certificate to Thomas Warczak, to the effect that on his compliance with articles 13, 14, 16 and 20 of its constitution he would be entitled to all benefits and relief which should arise for each member of the death benefit treasury of the appellant. Warczak died November 6, 1896, leaving surviving his widow, who was the beneficiary, (the appellee here,) who brought suit on the certificate of membership, to recover, by reason of the death of her husband as a member of the society, on the contract expressed in the certificate of membership. The principal defense to a right of recovery was that the plaintiff's husband was not, at the time of his death, a member of the defendant in good standing, and therefore not entitled to recover; that he had forfeited all his rights as a member because of non-payment of assessments when they became due. This was denied by the plaintiff, who also sought to show a waiver of any forfeiture, claiming that her husband was in good standing at the time of his death. On trial in the superior court of Cook county a verdict and judgment for the plaintiff were entered for $657, which, on appeal to the Appellate Court for the First District, were affirmed. That court granting a certificate of importance, an appeal was prosecuted to this court.

By section 8 of the fourteenth article of the constitution of appellant it is provided that in case of the death of a regular member the mortuary fee shall amount to the sum of $600. By paragraph 9 of the seventeenth article it is provided that if any member is in arrears for monthly dues, tickets or special collections for a longer period than six months his name shall be stricken thereby from the roll of membership. By article 23 provision is made for sick benefits, but it is provided by paragraph 8 of the article that any member who has not paid, at the end of three months, monthly dues, funeral benefits, con-

tributions, etc., nor received an extension of time, shall not receive sick benefits. The charter, constitution and by-laws of the society were in the Polish language.

By the constitution of the Polish Roman Catholic Union it is provided that a failure to pay any amount assessed within thirty days after notice forfeits all rights to the mortuary fees, but no provision is made for suspension or re-instatement. That constitution also provides that the subordinate societies must have a constitution for their internal government, and must be incorporated. There does not seem to be any requirement in the constitution of the union that the constitution and by-laws of the subordinate societies must strictly conform to the constitution and by-laws of the union, but inasmuch as the relations between the member holding the certificate are only through the subordinate society, and all transactions between the union and member necessarily being through that subordinate society, where there is a conflict between the constitution and by-laws of the union and the subordinate society the member is not required to look beyond his society, with which all of his transactions must be had. The constitution of the union making no provision for suspension or forfeiture for nonpayment of dues, and the constitution of the subordinate society having such provision, as between the member and the society or union the constitution and by-laws of the society govern.

By the oral testimony on behalf of the plaintiff it appears that certain sums of money were offered to be paid as dues of the society and of the subordinate society, —the St. Adelbert Society,—and an offer was made to show that Warczak was ill before his death and was entitled to five weeks' sick benefits from that subordinate society. Extracts were read from the minutes of the St. Adelbert lodge, showing that a tender of $9.75 was rejected and that the money was to be returned by the committee, and one of the members of the committee tes-

tified that the money was returned and was accepted by
Warczak. The testimony shows action was taken with
reference to the default in payment by him, and his sus-
pension from the order, in June, 1896. The monthly ac-
count book issued by the society to Thomas Warczak
shows payment of yearly dues to the union, and of the
assessments levied monthly from the time of his admis-
sion in the society to April, 1896. It is contended that
his name was stricken from the roll of membership in
June, and two officers testify to that fact; yet it is un-
disputed that in September, 1896, he tendered the sum of
$9.75 in payment of all moneys due, which was in the
first instance accepted.

In view of the provisions of the constitution, as con-
tained in paragraph 9 of article 17, that if any member
is in arrears for monthly dues, tickets or special collec-
tions of the society longer than six months his name shall
be stricken thereby from the roll of membership, and of
the uncontradicted evidence that Thomas Warczak has
paid all assessments up to April, 1896, we cannot com-
prehend how he can be suspended for the non-payment
of dues in June, 1896, when there is no provision in the
constitution to which our attention has been called that
authorizes an expulsion or suspension until after the ex-
piration of that time. It is true that the constitution pro-
vides for the payment of monthly dues to the society, of
all assessments for funeral benefits and other expenses,
and to enforce prompt payment it is provided that three
months' non-payment of any money due from a member
shall prevent his receiving sick benefits or holding any
office in the society, but that he may be granted an ex-
tension of time at the end of three months, if he make a
request in writing therefor. The further provision of the
constitution that if any member is in arrears for monthly
dues, etc., longer than six months, his name is to be
stricken thereby from the roll, would not authorize his
suspension for the non-payment of dues in June, or pre-

vent his tender of $9.75 from being a compliance with the requirements of the constitution and by-laws to pay all dues lawfully assessed, as it is not claimed that the dues due from him amounted to a greater sum than $9.75, but that the money was refused because on the 16th day of June he had been suspended from the order for non-payment of assessments. Whilst there is no record showing any action on the part of the society, it does appear that a vote of the society was taken that he be suspended for the non-payment of assessments; nor does it appear when dues and assessments were payable, by anything shown in the abstract of the proceedings.

The Polish Roman Catholic Union was made up of sub-societies, which were required to pay it monthly assessments. It had no transactions with the members direct, but only acted through the sub-societies to which the members belonged. The constitution of St. Adelbert Society, of which the deceased was a member, became a part of his contract of insurance with the appellant union, in so far as his membership in that association was concerned.

By reason of the fact that the certificate was issued in which appellee was the beneficiary, and the death of Warczak, and the further fact that he had paid or tendered all dues or assessments against him up to and including June, 1896, appellee made out a *prima facie* case authorizing her to recover. No suspension could result by the non-payment of dues in June, 1896, as the book issued by the society to Warczak showed that he had paid in full, up to and including April, 1896. Neither is it shown that any money was due from Warczak which he did not pay or offer to pay in June, and any effort on the part of the St. Adelbert Society to forfeit his right or suspend him was wrongful and could not result in such suspension. Until he was in default in accordance with the provisions of the constitution and by-laws he was not to be subjected to suspension and forfeiture, and it is incumbent on the appellant to show that such suspen-

sion and forfeiture were made in accordance with the constitution and by-laws of the St. Adelbert Society. Not being liable to suspension in June, 1896, under the constitution and by-laws of the St. Adelbert Society, and the attempted suspension being a nullity, and having tendered all dues then owing, and having died November 6, 1896,—a period of less than six months from the month of June,—there could not be dues and assessments owing between June and November, and in arrears for such a length of time that his suspension would result by reason of the constitution of the society. The evidence on behalf of appellant presented no sufficient defense of the suspension or forfeiture of the rights of Warczak that could defeat a recovery by the holder of the certificate.

Whilst there are numerous alleged errors as to the admission and exclusion of evidence and in remarks of the court during the trial, without entering in detail into the objections thus made it is clear there was no error on the part of the court in the admission and exclusion of evidence or in the remarks made. In view of the exceeding difficulty in understanding the witnesses and the translations from a different tongue into English, the remarks of the court in endeavoring to get before the jury the subject matter in a manner to be understood by them was not error.

Some twelve instructions were asked by the defense, which were refused by the court, and their refusal is assigned as error. Without entering into a discussion of these instructions, it suffices to say that there was no error in their refusal, because of the fact the defendant failed to show either the fact of suspension or the right to suspend Warczak, and the defense against the *prima facie* case of the plaintiff was not made out. The court should have instructed the jury directly to find for the plaintiff the amount of the certificate, with interest.

The judgment of the Appellate Court for the First District is affirmed.                *Judgment affirmed.*