Anna B. Dale et al., Appellees, v. Hancock County Mutual Life Association et al., Defendants.   Laurence Lord Taylor, Appellant.

Gen. No. 8,887.

Opinion filed October 10, 1935.

Rollo Six, of Pittsfield, for appellant.

Edward S. Martin, of Carthage, for appellees; William H. Hartzell, of Carthage, of counsel.

Mr. Justice Fulton delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Hancock county awarding an injunction and other relief to the appellees. The complaint was filed by appellees in their own behalf and in behalf of others similarly situated against Hancock County Mutual Life Association, its officers and directors and Lau-

rence Lord Taylor, the appellant. The bill challenged the legality of certain proceedings held on behalf of the association on December 19, 1933, whereby the association adopted a new constitution and by-laws, made amendments to the articles of association, and entered into a contract with the appellant Taylor, whereby he was to assist the association in its reorganization and change the plan of the association from that of assessment benefit society to that of a legal reserve system basis.

The Hancock County Mutual Life Association is a fraternal benefit society, organized under the law of June 22, 1893, having a lodge system and a representative form of government. The governing body of the association was known as the "Grand Union." Under the constitution and by-laws in force January 1st, 1930, under section one, article two, it is provided:

"The Grand Union shall consist of the Grand Officers, the Board of Directors and one or more delegates from each local union. Each local union being entitled to one delegate for each one hundred members or major part thereof, but any union whose membership is less than one hundred members, is entitled to one delegate. The officers and delegates of the Hancock County Mutual Life Association shall be allowed to vote only in person and in no event shall votes be cast by proxy. A majority of the officers and delegates constitute a quorum."

Under article 11 of the same constitution, it is provided:

"Any part of this Constitution may be altered or amended by a two-thirds vote of all the members of the Grand Union."

On the 19th day of December, 1933, the association held a meeting of its Grand Union to adopt certain amendments to its charter, by-laws and constitution to authorize the association to operate on a legal re-

serve basis, which involved an increase in rates. The amendments made by the association at said meeting were certified by proper officials and submitted to the director of insurance of the State of Illinois, and by said director approved and filed January 12, 1934.

It is conceded by appellant that more than one-third of the delegates to the Grand Union were irregularly and informally selected, and the proof shows that no record was made of a two-thirds vote in favor of changes to the constitution and by-laws. It was the contention of appellees that not only was a two-thirds vote required, but the records of the association must show such two-thirds vote. At the meeting on December 19, 1933, and after the new constitution and by-laws had been adopted, the board of directors met and resolved to change the articles of association of the society so that the association might operate on a legal reserve basis rather than the assessment plan. Appellees urge that at the time the new constitution and by-laws were adopted, the association was still operating under the old articles of association, and had no power to adopt the new constitution until the amendments and changes to the articles of association had been approved by the director of insurance of the State of Illinois, and that all action taken at said meeting of the board of directors was void.

The plaintiffs were members of Carthage Union No. 1. All payments of benefit assessments were to be paid by each member to the secretary of the local union and the secretary then reported to the main office. Each of the plaintiffs, during the month of December, 1933, paid the local secretary the amount due from each of them respectively for the December benefit assessment and the per capita tax; and during the month of January, 1934, similar payments were made by each of the plaintiffs to said secretary. At the time of such payments each of the plaintiffs told

the local secretary to hold the funds so paid in and if the association succeeded in reorganizing under the new constitution, plaintiffs wanted their money back. Two of the plaintiffs received their money back from the local secretary, but the local secretary retained the money of the other two plaintiffs, and held the same subject to the order of such plaintiffs. None of it was transferred to the head office and the plaintiffs' memberships were marked suspended on the books of the association shortly prior to the filing of this suit on January 26, 1934.

The appellant disputes the right of the plaintiffs to bring this suit and insists that it could only be instituted by the attorney general for the director of insurance in the name of the people, because of an act of the legislature approved July 10, 1933, adding section 8a to an act in relation to delinquent insurance companies, associations and societies, which reads as follows:

"Section 8a. No order, judgment or decree for an accounting or enjoining, restraining or interfering with the prosecution of the business of any domestic insurance corporation subject to the supervision of the Director of Trade and Commerce, or appointing a temporary or permanent receiver thereof, shall be made, or granted otherwise, than upon the application of the Director of Trade and Commerce, represented by the Attorney General, except in an action by a judgment creditor or in proceedings supplementary to execution after notice thereof has been served upon the Director of Trade and Commerce of final judgment, at least thirty days prior to the filing of such bill." Ill. State Bar Stats. 1935, ch. 73, ¶ 105(8a).

In suits attempting to dissolve an insurance corporation, or for an injunction to prevent a company from doing business for failure to comply with the statute, or for the appointment of a receiver, such as the case

of *People ex rel. Palmer v. Niehaus,* 356 Ill. 104, or *Steenrod v. Gross Co.,* 334 Ill. 362, cited by appellant, we believe policyholders were without right to maintain action for injunction in a private suit, but in a controversy like this between the individual members and the corporation or its officers to prevent the accomplishment of an act contrary to the articles of association, and the constitution and by-laws of the society, our courts have held that members having an interest in the association and its property have a right to challenge such action by bringing a suit of this character. *Bastian v. Modern Woodmen of America,* 166 Ill. 595. In that case members of the association sought to enjoin the moving of the principal office because the action taken in regard to moving said office was illegal, having been taken at a meeting held outside of the State of Illinois, in violation of the fundamental laws of the society. The court held that if the action was unlawful and in violation of the contract between the members and the corporation, the members were entitled to prevent its consummation.

Appellant also insists that the contract of insurance between plaintiffs and the association was forfeited because of their failure to pay an assessment and per capita tax for December, 1933, and thereby they ceased to be members of the association and their rights were lost and at an end before this suit was filed. However it seems clear that if the change in assessments was illegal, and the appellees were members in good standing on November 30, 1933, which is admitted by the answer, that all they were required to do was to pay the amount regularly due to the local secretary, which was done by each of the plaintiffs. Until they were in default in accordance with the provisions of the constitution and by-laws, they were not to be subjected to suspension and forfeiture, and it is incumbent on the appellant to show that such suspension and

forfeiture were made in accordance with the constitution and by-laws of the society. *Polish Roman Catholic Union v. Warczak,* 182 Ill. 27.

While the courts do not look with favor upon mere technical objections in cases of this character and endeavor to carry out the will of the members although informally or irregularly expressed, yet there must be a substantial compliance with the law. Because the meeting of the Grand Union in this case on December 19, 1933, was illegally organized; because the record of such meeting does not show a vote of two-thirds of the delegates in favor of a change in the constitution and by-laws or on amendments to the articles of association; because there is no proof to show that such changes were approved by a two-thirds vote of such delegates and because by reason of such irregularities the board of directors lacked the power to change the articles of association so that it might operate on a legal reserve basis rather than the assessment plan, it is our opinion that the methods and manner employed at the meeting of December 19, 1933, were not in substantial compliance with the laws of said society and that the action of the Grand Union at such meeting was illegal and void.

Appellant Taylor insists, however, that his contract was made with the board of directors and officers of the association: that he acted in good faith and had a right to enter in the contract for services to be rendered the society regardless of the changes made at the meeting of December 19, 1933. While the contract did contemplate the solicitation of new members, adjustment of death claims, and other incidental services for the association, it is clear from reading the agreement and from the proof that appellant was an expert called in to assist in changing this company, which was on the decline, over from an assessment society to the legal reserve system plan. He was present and participated in the meeting on December 19, 1933, and

had previous experience in changing assessment companies over to this new plan. Par. 503 of ch. 73, Cahill's Illinois R. S. 1933, provides as follows: "Such societies shall not employ paid agents in soliciting or procuring members, except in the organizing and building up of subordinate bodies or granting members inducements to procure new members." The services of appellant were not for the purpose of organizing subordinate bodies, and he was not a member of the society. He undertook to contract for services which the statute prohibited the association from employing him to perform and the agreement was void. It was proper for the trial court to enjoin the officers of the company from paying over monies or anything of value to appellant for services under said contract. *First Nat. Bank of Marshalltown v. Church Federation of America,* 129 Iowa 268, 105 N. W. 578.

For the reasons assigned, the decree of the circuit court is affirmed.

*Affirmed.*