(No. 23476.—

ANNA B. DALE *et al.* Appellees, *vs.* THE HANCOCK COUNTY MUTUAL LIFE ASSOCIATION *et al.*—(LAURENCE LORD TAYLOR, Appellant.)

*Opinion filed April 24, 1936.*

ROLLO SIX, for appellant.

EDWARD S. MARTIN, (WILLIAM H. HARTZELL, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

The appellees in their own behalf and in behalf of others similarly situated, filed their complaint in the circuit court of Hancock county whereby they challenged the validity of-certain proceedings held on behalf of the Hancock County Mutual Life Association and sought injunctive and other relief. The trial court awarded the relief prayed, and on appeal the Appellate Court for the Third District affirmed that decree. The cause is here on further appeal by certificate of importance.

The Hancock County Mutual Life Association is a fraternal benefit society organized under the law of June 22, 1893, having a lodge system and a representative form of government. The governing body is known as the Grand Union. Under the constitution and by-laws in force January 1, 1930, by section 1 of article 2 it is provided: "The Grand Union shall consist of the grand officers, the board of directors and one or more delegates from each local union. Each local union being entitled to one delegate for each one hundred members or major part thereof, but any union whose membership is less than one hundred members is entitled to one delegate. The officers and delegates of the Hancock County Mutual Life Association shall be allowed to vote only in person and in no event shall votes be cast by proxy. A majority of the officers and delegates constitute a quorum." Article 11 of the same constitution provides: "Any part of this constitution may be altered or amended by a two-thirds vote of all the members of the Grand Union."

December 19, 1933, the association held a meeting of its Grand Union to adopt certain amendments to its charter, by-laws and constitution to authorize the association to operate on a legal reserve basis, which involved an increase in rates. The amendments so made were certified and submitted to the Director of Insurance of the State of Illinois, who approved and filed them January 12, 1934.

It is conceded by appellant that more than one-third of the delegates to the Grand Union were irregularly and in- formally selected, and the proof shows that no record was made of a two-thirds vote in favor of changes in the constitution and by-laws. It is the contention of appellees that not only was a two-thirds vote required but that the records of the association must show such two-thirds vote. At the meeting on December 19, 1933, and after the new constitution and by-laws had been adopted, the board of directors met and resolved to change the articles of association of the society so that the association might operate on a legal reserve basis rather than on the assessment plan. Appellees urge that at the time the new constitution and by-laws were adopted the association was still operating under the old articles of association, and had no power to adopt the new constitution until the amendments and changes in the articles of association had been approved by the Director of Insurance of the State of Illinois, and that all action taken at said meeting of the board of directors was void.

The plaintiffs were members of Carthage Union No. 1. All payments of benefit assessments were to be paid by each member to the secretary of the local union, and the secretary then reported to the main office. Each of the plaintiffs during the month of December, 1933, paid the local secretary the amount due from each of them, respectively, for the December benefit assessment and the *per capita* tax, and during the month of January, 1934, similar payments were made by each of the plaintiffs to the secretary. At the time of such payments each of the plaintiffs told the local secretary to hold the funds so paid in, and if the association succeeded in re-organizing under the new constitution plaintiffs wanted their money back. Two of the plaintiffs received their money back from the local secretary but the money of the others was held subject to the order of the plaintiffs. None of it was transferred to the head office, and the plaintiffs' memberships were marked

suspended on the books of the association shortly prior to the filing of this suit on January 26, 1934.

The foregoing statement of facts is substantially as it appears in the Appellate Court report of this same case (282 Ill. App. 70,) and the contentions made by the appellant in this court are no different than they were on the hearing in the Appellate Court. It is here contended, as it was there, that plaintiffs were without right to bring this suit; that section 8a of paragraph 105 of chapter 73 (Ill. State Bar Stat. 1935, p. 1840,) operates in such a way as to limit the bringing of an action of this kind to the Attorney General on behalf of the Director of Insurance and in the name of the People. That section provides, in substance, that no decree for an accounting or restraining or interfering with the prosecution of the business of any domestic insurance corporation, or appointing a temporary or permanent receiver therefor, shall be granted otherwise than on application of the Director of Trade and Commerce. This contention was fully and properly answered by the Appellate Court, in whose opinion it was pointed out that this is not an action seeking to restrain the business of a domestic insurance corporation, nor for the appointment of any receiver, either temporary or permanent, nor for any accounting. The relief sought by the petition and granted by the decree was, that the resolution of the Grand Union of the society claimed to have been adopted December 19, 1933, authorizing the board of directors of the society to change or amend the articles of association, was null and void; that the Hancock County Mutual Life Association be permanently enjoined from carrying out any of the terms and provisions of the constitution and by-laws claimed to have been adopted on said date; that the association and the appellant, Taylor, be enjoined from carrying out a pretended contract entered into for the purpose of changing the association from an assessment benefit basis to a legal

reserve basis, and other matters not here material. Section 8*a* has nothing to do with this kind of a case, but the rule is as stated in *Bastian* v. *Modern Woodmen,* 166 Ill. 595, where it is held that a change in the articles of association of an incorporated mutual benefit society can be made only in accordance with methods previously assented to by its members; that the statutory provisions relating thereto must be observed, and that individual members of the association may by injunction prevent the consummation of unlawful acts contrary to the articles of association and the fundamental laws of the order.

It is to be noted that neither the association nor any of its members have appealed from the decree of the circuit court or the judgment of the Appellate Court affirming it, Laurence Lord Taylor being the only appellant. His only interest in the controversy is in such profit as he may make through carrying out his pretended contract for changing the company from one plan of insurance to another. He insists he dealt with the corporation in good faith and that he may rely upon the acts of the corporate officers. This argument entirely overlooks the obvious point that without a lawful change in the by-laws the corporation could make no such contract with him because it could not lawfully act as a legal reserve company. One of the principal objects of his contract was to change the association from a mutual benefit to a legal reserve company, and he is bound to have known that this could not be done except in accordance with the terms of the charter and the governing statutes. He appears to have been present at all meetings and is in no position to complain of the illegal nature of the action, which was known to him and from which he seeks to profit. It being conceded that more than one-third of the delegates to the Grand Union were irregularly selected, the entire procedure from its inception was void and nothing that was done or could have been done by virtue of it has any validity.

The opinion of the Appellate Court fully answers all contentions raised by the appellant and is entirely correct.

The judgment of the Appellate Court was correct and is affirmed. *Judgment affirmed.*