(No. 27582.

THE PEOPLE *ex rel.* Benefit Association of Railway Employees *et al.*, Petitioners, *vs.* JULIUS H. MINER, Judge, *et al.*, Respondents.

*Opinion filed May 16, 1944—Rehearing denied September 18, 1944.*

EKERN, MEYERS & MATTHIAS, of Chicago, and SEARS, O'BRIEN & STREIT, of Aurora, (BARNABAS F. SEARS, of Aurora, and HERBERT H. NAUJOKS, of Chicago, of counsel,) for petitioners.

CHARLES W. STIEFEL, JR., and SCHROEDER & SIMPSON, (WERNER W. SCHROEDER, of counsel,) all of Chicago, for respondents.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an original petition for *mandamus* by which the Benefit Association of Railway Employees, a mutual insurance corporation, and its officers and directors, seek a writ of *mandamus* to compel the respondent Miner, as judge of the circuit court of Cook county, to expunge from the record, as void for want of jurisdiction to enter them, certain orders entered by him on April 1 and May 21, 1943, in the case of Paul W. Petersen, plaintiff, v. Benefit Association of Railway Employees *et al.,* defendants, then pending before him on the docket of that court, and for a similar writ against Petersen to compel him to dismiss that suit.

The petition for *mandamus* sets out the entire pleadings in the case before respondent Miner. Separate answers were filed by the respondents. Respondent Miner, in his answer, admitted averments of fact but denied conclusions arising therefrom. Relators demurred to that answer. On the motion of relators the answer of respondent Petersen was treated as a demurrer to the petition, and thus the issues were closed. They present questions of law whether respondent Miner had jurisdiction to enter the orders sought to be expunged, or to enter any order in the case except one dismissing the complaint, and whether Petersen had a right to bring his suit.

The facts, as gathered from the petition and answers here, are that on January 30, 1943, respondent Petersen, in his individual capacity as a member of the Benefit Association of Railway Employees, and on behalf of all other members thereof, filed an unverified complaint against relators alleging that certain agency contracts, entered into between the insurance corporation and the other defendants, were void, and prayed that defendants, who are directors and officers of the company, be removed, their offices declared vacant, and a new election ordered to fill such vacancies. He prayed also that the defendants, as directors and officers, be declared ineligible for re-election, and that the individual defendants be required to account for all the corporation's monies by them wrongfully disbursed and distributed, and to repay the same to the company.

An order was entered by the respondent Miner on April 1, 1943, requiring the insurance corporation by its president, and the other defendants individually, to file a sworn list of all documents, books, accounts, letters and other papers material to the merits of the matters in controversy. Thereafter defendants filed their motion to dismiss, on the ground that the court had no jurisdiction to entertain the suit on the application of the plaintiff; that

under the statute (Ill. Rev. Stat. 1941, chap. 73, sec. 201, par. 813,) such action can be maintained only by the Director of Insurance represented by the Attorney General. On May 21 respondent Miner denied the motion and directed each of the defendants to plead to the complaint within twenty days. This is the second order which relators here ask to have expunged from the record. After further pleadings and motions, relators, on July 29, 1943, as defendants in that lawsuit, filed their answer in which they set up the defense of want of jurisdiction of the court to enter the orders complained of, or to entertain the suit. Their motion for leave to file a petition for *mandamus* in this court sets out that they will be adjudged in contempt of court if the question of the jurisdiction of respondent be not passed upon in this proceeding.

Section 201 of the Insurance Code, above cited, so far as material to the relators' claim of right to the writ, is as follows: "No order, judgment or decree enjoining, restraining or interfering with the prosecution of the business of any company, or for the appointment of a temporary or permanent receiver, rehabilitator or liquidator of a domestic company, or receiver or conservator of a foreign or alien company, shall be made or granted otherwise than upon the petition of the Director represented by the Attorney General as provided in this article." Relators' contention is that respondent Miner, by entertaining this suit at Petersen's instance, and entering the orders above referred to, has, in direct violation of the quoted statute, permitted a suit to be maintained, by one other than the Attorney General acting on behalf of the Director of Insurance, which interferes with the prosecution of the business of this insurance company; that the said orders seriously interfere with its business and that the circuit court had no jurisdiction to enter such orders or to entertain the suit, and Petersen had no right to bring it.

In support of this contention they point out the frequent announcements of this court that the business of insurance is impressed with a public interest and is subject to regulation by the State under its police power. Respondents, on the other hand, contend that neither the facts alleged nor the relief sought in the suit before respondent Miner, bring the cause within either the language or the intent of section 201 of the Insurance Code; that the pleadings in the cause show that the suit is not, in law or in fact, within the purview of that section, and that the prosecution of the suit by Petersen is not prohibited by the statute. Thus the sole issue for decision is one of the jurisdiction of the circuit court to entertain the suit, and of respondent Miner to enter the orders complained of.

Counsel for respondents argue that even though some phases of the insurance business are impressed with the public interest, yet private rights, arising from controversies with insurance companies can be enforced by the individual, and the enforcement thereof is not limited to the State or its officials, and they say this is that sort of a case. It is conceded that if the statute prohibits respondent from entertaining this suit or. entering the orders or decrees complained of, such orders or decrees are subject to collateral attack and to *mandamus* to expunge them.

It is clearly announced in *People ex rel. Palmer,* v. *Niehaus,* 356 Ill. 104, and in *People ex rel. Lowe* v. *Marquette Nat. Fire Ins. Co.* 351 Ill. 516, that the State, and not the courts, has authority under its police power, for the protection of the public, to supervise the operations of insurance companies. We discover no ambiguity in section 201 of the Insurance Code. This language plainly prohibits the making or entering of any order, judgment or decree enjoining, restraining or interfering with the prosecution of the business of any insurance company, and counsel for relators urge that the orders questioned here

do seriously interfere with relators' business; that therefore the circuit court has no jurisdiction of the subject matter except to enter an order dismissing the suit. On the other hand, counsel for respondents, in support of their contention that the relief prayed is such as a private individual may procure against an insurance company, point out that, prior to the adoption of the Insurance Code, the statute (Ill. Rev. Stat. 1935, State Bar ed., chap. 73, par. 105, (8a),) provided that "No order, judgment or decree providing for an accounting or enjoining, restraining or interfering with the prosecution of the business of any domestic insurance corporation," shall be made otherwise than upon application of the then Director of Trade and Commerce, and that in the adoption of the Insurance Code in 1937 the language "providing for an accounting" was omitted from the statute, and that therefore the reasonable deduction is that it was not intended that such relief should be barred an individual citizen, and since one relief sought here is to secure an accounting, the court had jurisdiction of Petersen's suit.

Counsel for relators, on the other hand, argue that such a conclusion is not warranted for the reason that under the language in the act prior to the adoption of the Insurance Code, no agent could have an accounting of agency commissions claimed due, and that whether it be an accounting or what the action may be, if it interferes with the prosecution of the business of the corporation, it may not be prosecuted by a private individual. Counsel for respondents, in support of the contention that the relief sought by Petersen, in his suit, was one which a private individual may seek, also cite *Bastian* v. *Modern Woodmen of America,* 166 Ill. 595, *Dale* v. *Hancock County Mutual Life Ass'n,* 363 Ill. 222, *Wright, Com.* v. *State Mutual Life Ins. Co.* 142 Ga. 764, 83 S. E. 666, and *Union Savings and Investment Co.* v. *District Court of Salt Lake County,* 44 Utah, 397, 140 Pac. 221. The *Dale case* related to a

fraternal benefit association and involved the question whether certain resolutions were passed according to the articles of the association and its by-laws. That appears to have been the only question involved, and this court pointed out that the reason it was not necessary to bring such proceeding under the direction of the Director of Insurance, by the Attorney General, is that a change in the articles of association of an incorporated mutual benefit society can be made only in accordance with the methods previously assented to by its members; that the constitution and by-laws of the association relating thereto must be observed, and that individual members of the association may by injunction prevent the consummation of unlawful acts contrary to the articles of association and the fundamental laws of the order. In that case the record showed that certain delegates had not been properly selected but among the two thirds required by the fundamental laws of the order to pass the resolution referred to were a number of delegates who had not been selected in accordance with the provisions of the laws of the order, so that there was not a legal two-thirds vote. It seems quite clear that such a case would be no concern of the Director of Insurance nor of the Attorney General, nor would it interfere with the business of the company. There is no such claim made in Petersen's case. By his suit he attacks the agency contract, claiming that the directors had the sole agency contract for securing new members in the company, and that, because of the character of that contract, the directors were illegally procuring funds of the company. It was also pointed out in the *Dale case,* affirming the decision of the Appellate Court, that in a controversy like this, between the individual members and the corporation or its officers to prevent the accomplishment of an act contrary to the articles of association and the constitution and by-laws of the society, courts have held that members having an interest in the association and its

property have a right to challenge such action by bringing a suit of the character there brought. Citing *Bastian* v. *Modern Woodmen of America,* 166 Ill. 595.

In the *Bastian case* certain members of the association of the Modern Woodmen of America sought to enjoin the moving of the principal office of the association on the ground that the action taken in regard thereto was illegal, having taken place at a meeting held outside the State, in violation of the fundamental laws of the society, and this court held that if the action was unlawful and in violation of the contract between the members and the corporation, the members were entitled to prevent its consummation. Other cases cited by respondents mark this same distinction. We are cited to no case, and are aware of none, which in any way modifies the rule laid down by this court in the *Niehaus* and *Marquette Fire Ins. Co. cases.*

Does the action sought to be brought by Petersen interfere with the business of the relator insurance association? If relief is granted, and the directors and officers, who are charged with wrongful acts, are removed from their offices and declared ineligible to hold such office, such a decree would require the sending out of notices of special election to fill the vacancies and the procurement of other agents to conduct the business. The word "interfere," according to standard lexicographers, means "to enter into, or to take a part in, the concerns of others; to intermeddle; interpose; intervene." Nor is a suit of the character involved here similar to the derivative action of a stockholder of a general corporation which is instituted when the directors have an interest adverse to that of the corporation or refuse to cause it to institute such proceedings, as is argued by respondents. Insurance companies, being engaged in a business charged with the public interest, and being the especial objects of the care and supervision of the State, present a different question. *Swan* v. *Mutual*

*Reserve Fund Life Ass'n,* 155 N. Y. 9, 49 N. E. 258, involving a statute similar to the one under consideration here, was an action by a policyholder for himself and others, to compel the company to set aside certain sums for a reserve fund and to limit the expenses incident to its management. It was held that the plaintiff did not have legal capacity to maintain the action. It is there pointed out that there is reason for making a distinction between insurance companies and other corporations because the former have characteristics which entitle them to be regarded almost as public in their nature. They are unlike private corporations organized purely for a pecuniary profit. It is also pointed out in that case that in such an action against an insurance company, the plaintiff is not mantaining purely a private action with results which concern only him and the corporation, but is maintaining one which concerns a large body of the public and the continued management of the affairs of a particular class of corporations which have been made the especial objects of care and supervision of the State.

Nor does it seem to us that the fact that actions for accounting were excluded from the purview of section 201 of the Insurance Code is to be taken as justification for the conclusion that such an action may be privately prosecuted where an accounting would interfere with the business of the company. It is conceivable that an accounting may be sought and had, or claim prosecuted, which would in nowise interfere with the business of the company, such as an agent's suit for accounting as to commissions; but where the accounting sought is such as clearly interferes with the business of the association, it seems clear that such is still within the purview of section 201 of the Insurance Code. This appears to be such a case.

Counsel for respondents argue that Petersen's suit is not, in fact, a suit against the association but for its benefit,

and if successful will bring a large sum of money into its treasury and relieve it from an unconscionable agency contract, as well as provide other situations resulting in benefit to the association. Granting all this, the question here is not whether the suit will, as a deal in futures, prove beneficial or harmful to the association. It is rather whether such a suit interferes with the business of the association. It must be remembered that section 201 of the Insurance Code does not forbid the maintenance of such a suit, but, because of the public interest in the business, forbids such a suit by an individual when it interferes with the business of the company.

Petersen may have his remedy by application to the Director of Insurance, requesting the bringing of such a suit, or correction of the evil he says exists. It cannot be presumed that the Director, upon proper showing, would refuse to take such action as may be required to remedy the situation. If he should refuse so to act, review of his decision can be had under section 407 of the Insurance Code. In *American Surety Co.* v. *Jones,* 384 Ill. 222, it was held, citing *People ex rel. Gosling* v. *Potts,* 264 Ill. 522, that *mandamus* will lie to compel the Director of Insurance to do his duty under the statute.

We are of the opinion that the circuit court did not have jurisdiction of the subject matter of the suit filed by Petersen; that respondent Miner did not have jurisdiction to enter the orders complained of, and that respondent Petersen had no right to bring the suit. It follows that the writ should be awarded granting the relief prayed.

*Writ awarded.*

Mr. JUSTICE WILSON, dissenting.