Clyde L. Korman, Albert S. Korman, Cyril R. Korman, Abe Finkel and Rose Finkel, Plaintiffs-Appellees, and Clyde L. Korman, Plaintiff-Cross Appellant, v. Russell H. Matthias, Metropolitan Insurance Company, John J. Fahrenbach, Russell H. Matthias, Jr., and Wallace J. Stenhouse, Jr., Defendants-Appellants and Cross Appellees.

Gen. No. 48,403.

First District, First Division.

September 18, 1961.

Rehearing denied and opinion modified November 7, 1961.

Dallstream, Schiff, Hardin, Waite & Dorschel, of Chicago (George B. Pletsch, W. Donald McSweeney, Alexander Polikoff and John L. Fogle, all of Chicago, of counsel), for John J. Fahrenbach, appellant-cross-appellee; A. Bradley Eben, of Chicago, for Metropolitan Insurance Company; Joseph E. Green and James M. Redding, of Chicago, for Russell H. Matthias, Russell H. Matthias, Jr. and Wallace J. Stenhouse, Jr., appellants.

Russell J. Topper, of Chicago, for Clyde L. Korman, plaintiff-cross-appellant, and Epton, Scott, McCarthy & Bohling, of Chicago, for Albert S. Korman, appellee-cross-appellant. (Russell J. Topper and Irving Rothholtz, both of Chicago, of counsel.)

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is an interlocutory appeal by defendants from a temporary injunction restraining the payment of salaries, fees and compensation to the top level officers and directors of defendant Highway Insurance Company. Payment of Highway's defense expenses is also restrained. No evidence was heard. The injunction was entered on the pleadings. Plaintiff, Clyde L. Korman, cross appeals from the denial of his petition to remove Highway's defense counsel.

Defendant, Highway Insurance Company, formerly known as Metropolitan Insurance Company, is an Illinois stock insurance corporation organized in 1950.

In April, 1958, discovery was made that Harry Gralnek, treasurer of Highway, had misappropriated a large part of Highway's assets, rendering it insolvent. On May 26, 1958, the shareholders of Highway concluded an oral agreement with defendant Insurance Corporation of America, an Indiana corporation, whereby all outstanding shares of Highway stock (100,000 shares) were to be transferred to ICA for its undertaking to put in sufficient assets to make Highway solvent, and to take control and "operate it as a going concern" in Illinois.

Defendant Russell H. Matthias, as the then president of Highway, handled the stock transfer negotiations with ICA, and acted as "informal escrowee," from May 26, 1958, to June 5, 1958, for the assignment and final delivery to ICA of the Highway stock. Of the 100,000 shares of Highway stock transferred to ICA, plaintiffs owned 40,000 shares, defendant Matthias owned 4500 shares, defendant Brody owned 10,000, defendant Highway owned 40,000, assigned to it by its former treasurer, Gralnek, under a program of restitution for its misappropriated assets.

On October 6, 1958, ICA divested itself of all of the Highway stock and withdrew from the management of Highway, which it had assumed for the period between June 5, 1958, and October 6, 1958. The 100,000 shares were transferred to defendants Matthias, Fahrenbach and Stenhouse. Matthias received and now owns 69,998 shares.

The instant proceedings were filed on July 30, 1959. Plaintiffs charge that the defendants, "individually and in conspiracy with each other" secretly and fraudulently divided the capital stock and assets of Highway, with the stock routed to Matthias and the assets to ICA. Plaintiffs pursue two distinct actions, both equitable in nature and based in fraud of fiduciaries and attorneys. The primary action seeks the return of Highway stock to its former stockholders. The

secondary action, a stockholders' derivative action, seeks restoration to Highway of alleged misappropriated assets.

On September 23, 1960, plaintiff, Clyde L. Korman, filed a petition alleging that Highway is the owner of a cause of action for the recovery of $3,500,000 of misappropriated funds and assets from the "alleged wrongdoers," defendants Matthias, Stenhouse, Jr., Fahrenbach, Brody and Matthias, Jr., who are "substantially all of the officers and directors of Highway" and who are adverse and hostile to Highway, "their principal."

The petition further alleges that these defendants employed A. Bradley Eben to act in these proceedings for Highway; that they have wrongfully caused Highway to pay Eben $5,000 for his services, and will continue to pay and incur the liability of Highway for the payment of attorneys' fees and costs and "expenses incurred or to be incurred in the separate defense of the individual wrongdoers." The petition prays that the court select and appoint an attorney for Highway, restrain the use of Highway assets for the payment of defense expenses of the previously named defendants, and to restrain them and Highway from paying them any salaries, fees or compensation until the further order of court.

Defendants' sworn answers to the petition state that the business of Highway is large and complex, with thousands of policyholders, requiring daily dealing with policyholders, agencies and brokers, settlement of losses and defense of policy suits; that the conduct of Highway's daily operations is under the direct supervision and control of those defendants whose salaries are sought to be restrained; that Fahrenbach is a director, the president and the chief executive officer of Highway, and since October 8, 1958, has been performing all of the duties attached to that office; that he has a wife and six children,

totally dependent on him, and if deprived of compensation, it is likely that he "could no longer continue to work for the corporation"; that Stenhouse, Jr., is its secretary and renders "valuable, essential and daily services" to the company; that to deprive Fahrenbach, Stenhouse, Jr., and Brody of compensation may necessarily halt the operation and conduct of the internal affairs of Highway, result in great financial loss to it, and impose great hardship on Highway and its policyholders; that the directors approved the selection of Eben and want him to continue, as a replacement would result in a waste of company assets for doing work already done by Eben.

The court, after considering all of the pleadings on file and the arguments of counsel, entered an order which (1) denied the petition to enjoin Eben from continuing to act as attorney for Highway; (2) restrained the use of Highway assets for the payment of defense expenses incurred by it or the other defendants; and (3) restrained the use of Highway assets for the payment of salaries and compensation of defendants Matthias, Fahrenbach, Matthias, Jr., and Stenhouse, Jr. It is from this order the appeal and cross appeal are taken.

Although many contentions are made and argued at length, we believe the determinative question is whether it was error for the court to enter the salary restraining order without basing it upon a complaint by the Director of Insurance, because Section 201 of the Insurance Code of Illinois (Ill Rev Stats 1959, c 73, § 813) provides that "[N]o order . . . enjoining, restraining or interfering with the prosecution of the business of any [insurance] company . . . shall be made or granted otherwise than upon the complaint of the Director represented by the Attorney General."

Plaintiffs contend that "equitable jurisdiction, in the absence of specific abridgement or withdrawal of specific power for exclusive exercise by the Director

of Insurance, embraces the authority to suspend use of corporate funds for the defense and salary support of fraudulent insurance officials."

Defendants concede that, "short of interference with Highway's business," plaintiffs may proceed with the determination and enforcement of their primary action for the return of their stock and the secondary action to recover Highway assets without intervention from the Director of Insurance. (Winger v. Chicago Bank & Trust Co. (1946), 394 Ill 94, 102, 67 NE2d 265; People v. Williams (1946), 392 Ill 224, 239, 64 NE2d 464.) However, defendants argue that the order which prohibits Highway from paying salaries to its officers, the "key level of top management," was entered without charges that the salaries are excessive or unreasonable; that it is a drastic action and a direct and serious interference with Highway's business; and that under Section 201, the Director of Insurance should have made the primary determination as to whether Highway's officers should have their salaries enjoined and not the trial court.

There are situations involving insurance companies in which injunctive relief may be properly granted without the request or complaint of the Director of Insurance. (Winger v. Chicago Bank & Trust Co., 394 Ill 94, 67 NE2d 265; People v. Williams, 392 Ill 224, 64 NE2d 464; People v. Miner (1944), 387 Ill 393, 56 NE2d 353; Dale v. Hancock County Mut. Life Ass'n (1936), 363 Ill 222, 2 NE2d 96.) However, these cases contain statements that such relief should not be granted if "it interferes with the business of the insurance company." In People v. Miner, 387 Ill 393, at p 402, 56 NE2d 353, at p 356, the Supreme Court said:

"It must be remembered that section 201 of the Insurance Code does not forbid the maintenance of such a suit, but, because of the public interest in the

business, forbids such a suit by an individual when it interferes with the business of the company."

We believe the public is concerned with the continued management of a solvent insurance company. A restraining order, which could and might leave an insurance company without executive management and leaderless, seriously jeopardizes the rights and best interests of the company and its policyholders. We think that the unlimited restraint of the payment of compensation or salaries to the key officers of a going, solvent insurance company, engaged in a business charged with public interest, with continuing obligations to both its policyholders and claimants under those policies, is an interference with the prosecution of the business of that company.

We conclude that the salary restraint part of the injunctive order comes within the purview of Section 201 of the Insurance Code of Illinois. In the absence of a complaint by the Director of Insurance, it was error for the trial court to restrain the payment of salaries to the officers and directors in the active management of Highway, because it constitutes an interference with the prosecution of Highway's business and was improper. People v. Miner, 387 Ill 393, 56 NE2d 353.

The cross appeal of plaintiff Clyde L. Korman is from that part of the interlocutory order which denies his petition to disqualify or remove Eben as attorney for Highway because of hostility to his client. The petition alleges that the defendant directors of Highway are wrongdoers, adverse and hostile to Highway, their principal, and their employment of Eben to represent Highway in these proceedings is accordingly improper.

There are no allegations that Eben participated in the transactions alleged to be wrongful and fraudulent or that he represents any individual officers or di-

rectors of Highway. The record shows that he appears in the proceedings as attorney for Highway alone. No evidence was taken, but cross appellant Korman relates "procedural movements" and other or related activities wherein "Eben joined Highway with the defendants in a program calculated to defeat the claims asserted in behalf of Highway."

■ ■ We agree with the cases cited that an attorney cannot represent "adverse, conflicting and antagonistic interests in the same litigation," and if so, may be removed by the court. (Beerly v. The Wm. Meyer Co. (1947), 332 Ill App 653, 75 NE2d 783; Elberta Oil Co. v. Superior Court of Kings Co. (1930), 291 Pac 668.) However, the trial court apparently concluded that it was not presented with such a situation, and we fail to see that the trial court abused its discretion. In the instant case, Highway was made a party defendant and needed counsel to represent it in the proceedings. Even though the directors of Highway were charged with fraud in the primary and secondary actions, it was properly within their power to select counsel to represent the corporation. (Taylor v. Rosehill Cemetery Co. (1918), 210 Ill App 209.) We conclude the denial of the petition to remove Eben as counsel for Highway was correct.

The trial court, having determined that Eben was qualified to continue as counsel for Highway in these proceedings, restrained Highway from paying any attorneys' fees or expenses in the defense of the litigation. The record does not show that Highway intended to pay the litigation expenses of any other defendant, and as there was no finding of misconduct by either Highway or its counsel at that posture of the case, we believe this part of the injunctive order was improper insofar as it relates to the defense of Highway, and was not required as to the other defendants.

348

Our conclusions render unnecessary a consideration and disposition of other contentions made by both sides. For the reasons stated, that part of the order which denies the disqualification of Eben as counsel for Highway is affirmed. In all other respects and for the reasons given, the remainder of the order is reversed.

Affirmed in part and reversed in part.

BURMAN, J., concurs.

ENGLISH, J., took no part.