(No. 27076.—

AMERICAN SURETY COMPANY *et al.,* Appellants, *vs.* PAUL F. JONES, Director of Insurance, Appellee.

*Opinion filed Sept. 24, 1943—Rehearing denied Nov. 11, 1943.*

GILLESPIE, BURKE & GILLESPIE, (EDMUND BURKE, and GEORGE B. GILLESPIE, of counsel,) for appellants.

GEORGE F. BARRETT, Attorney General, (JOHN F. SPIVEY, of counsel,) for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiff-appellants, seventeen in number, are foreign insurance companies authorized to conduct a surety business in this State. They filed a petition in the circuit court of Sangamon county on July 26, 1941, seeking to review certain orders and decisions of the Director of Insurance entered on July 1, 1941. The order about which they complain granted the renewal of a certificate of authority to underwriters at Lloyds London to transact business in Illinois. The appellants had filed on June 7, 1941, with the Director of Insurance, their petition opposing the renewal of said certificate of authority and further asking that they be heard by the Director in support of said petition. At the time the Director issued the said certificate of authority he further held that the appellants were not proper parties to be heard on objections to the issuance of such certificate.

The petition filed by the appellants in the circuit court alleged that on June 7, 1941, they filed a petition with the Director of Insurance stating that underwriters at Lloyds had not complied with certain provisions of the Illinois Insurance Code in that said underwriters have not maintained in Illinois cash or securities of a character conformable to the requirements of section 125 of the Illinois Insurance Code for domestic companies at least equal at all times to the minimum of admitted assets required by article V of the said Illinois Insurance Code for a domestic Lloyds doing the same kind or kinds of business and asking that the appellants may be heard in opposition to the issuance by the Director of a certificate of authority to the underwriters to transact insurance business in the State of Illinois during the year beginning July 1, 1941; that the issuance of a certificate to the underwriters would cause the appellants to be aggrieved thereby; that on July 1, 1941, the Director issued an order and decision that the underwriters at Lloyds London had qualified under

the pertinent provisions of the Illinois Insurance Code and further expressed his opinion that the issuance of a certificate of authority to a company is a matter of compliance with the law by the applying company, and that other companies licensed to do the same kind of business are not proper parties to be heard on the application of the applying company, and that at the same time the Director issued a certificate of authority to the underwriters at Lloyds.

The appellants alleged that they are aggrieved by this order and decision and prayed that the order and decision of the Director be set aside and that the certificate of authority issued to Lloyds be declared of no force and effect.

The Director moved to dismiss the petition of the appellants for review, assigning various grounds, all of which finally resolve themselves into the question as to whether, under the provisions of section 407 of the Illinois Insurance Code, the appellants were parties aggrieved within the meaning of said section and thus proper parties to invoke the jurisdiction of the court.

The trial court sustained the Director's motion to dismiss and, on February 16, 1942, dismissed the petition of the appellants, holding that they were not such companies or persons as may have a review under section 407 of the Insurance Code and that an aggrieved company or person within said section is one directly affected and not indirectly or consequently affected. On appeal to the Appellate Court, Third District, the judgment of the trial court was affirmed. Petition for leave to appeal to this court was allowed.

It is the contention of the appellants that:

1. Under the terms of section 401 of the Illinois Insurance Code, the Director of Insurance has the power to conduct such examinations, investigations and hearings in addition to those specifically provided for as may be necessary and proper for the efficient administration of

the insurance laws of the State; that this section, therefore, empowered and required the Director to conduct the hearing requested by the appellants.

2. That under the terms of section 407 of the Illinois Insurance Code the appellants are companies or persons aggrieved whose interests are adversely affected and, having complied with the requirements of the code, acquired the right to transact insurance in the State of Illinois to the exclusion of companies not so complying.

3. Statutes giving the right of review should be liberally construed so as to allow the public and any other interested party to intervene. The legislature did not intend to and could not deprive the courts of the judicial power to inquire as to whether the Director, in the issuance of a certificate of authority to Lloyds acted within or beyond his jurisdiction.

For a proper determination of the questions involved, it is necessary to set forth pertinent provisions of the Insurance Code.

Section 121 (Ill. Rev. Stat. 1941, chap. 73, par. 733,) makes it unlawful for anyone to do an insurance business in Illinois without a certificate of authority from the Director of Insurance.

Section 111 (Ill. Rev. Stat. 1941, chap. 73, par. 723,) provides that: "Before a certificate of authority to transact business in the State is issued to a foreign or alien company, such company shall satisfy the Director that * * * * (d) * * * if a Lloyds it meets the requirements of Article V."

Section 401 (Ill. Rev. Stat. 1941, chap. 73, par. 1013,) provides in part: "The Director is charged with the rights, powers and duties appertaining to the enforcement and execution of all the insurance laws of this State. He shall have the power * * *. (b) to conduct such investigations as may be necessary to determine whether any person has violated any provisions of such insurance laws;

and (c) to conduct such examinations, investigations and hearings in addition to those specifically provided for, as may be necessary and proper for the efficient administration of the insurance laws of this State."

Section 114, (Ill. Rev. Stat. 1941, chap. 73, par. 726,) so far as material to this case, provides for the renewal of a certificate of authority as follows: "(1.) The Director shall renew for one year a certificate of authority of a foreign or alien company on the first day of July of the calendar year following the calendar year in which it is admitted to transact business in this State and annually thereafter, without application by the company, upon payment of the annual privilege tax imposed by this Code, if any, provided the Director is satisfied that (a) none of the facts specified in this article as grounds for revoking a certificate of authority exists; and (b) the company is complying with the conditions for admission, except for surplus requirements in excess of those which similar domestic companies transacting the same kind or kinds of business are required to maintain. (2.) Except in case of non-payment of taxes, the Director shall give notice of his intention to refuse to renew the certificate of authority of a foreign or alien company and the grounds therefore at least twenty days before the end of the term for which the existing certificate was issued, and, the company shall be given an opportunity for a hearing before the end of such term."

Section 407, (Ill. Rev. Stat. 1941, chap. 73, par. 1019,) relative to court reviews of orders and decisions, provides: "(1.) Any order or decision made, issued or executed by the Director, except an order to make good an impairment of capital or surplus or a deficiency in the amount of admitted assets, whereby any company or person is aggrieved, shall be subject to review by the Circuit Court of Sangamon County or the Circuit or Superior Court of the county in which the principal office in this State

of the company aggrieved by such order or decision is located, or where the person so aggrieved resides. A petition for the review of the action of the Director shall be filed within thirty days from the date of the service of a copy of the order or decision made by the Director upon such company or person. * * * If such petition for review is not filed within the said thirty days the parties aggrieved shall be deemed to have waived the right to have the merits of the order or decision reviewed and there shall be no trial of the merits thereof by any court to which application may be made by petition or otherwise, to enforce or restrain the enforcement of the same."

Section 201 (Ill. Rev. Stat. 1941, chap. 73, par. 813,) in part provides: "No order, judgment or decree enjoining, restraining or interfering with the prosecution of the business of any company, or for the appointment of a temporary or permanent receiver, rehabilitator or liquidator of a domestic company, or receiver or conservator of a foreign or alien company, shall be made or granted otherwise than upon the petition of the Director represented by the Attorney General as provided in this article, * * *."

In examining these sections it is apparent that section 401 imposes no duty upon the Director to conduct an investigation or hearing, but leaves same entirely to his discretion, nor does it appear there exists a duty on his part under the terms of the section to call a hearing at the request of a third party.

In this case it is admitted that Lloyds held a certificate of authority to do business in Illinois which, under the terms of section 114, was to be renewed for one year. It is quite apparent that section 114 provides for the renewal of a certificate of authority as a matter of course by the Director, provided he is satisfied that certain conditions for admission are being complied with by Lloyds. A simple and explicit procedure for renewing a certificate of authority is thus provided for. Only in case the Di-

rector intends to refuse to renew a certificate of authority is any notice or hearing required, and in such case notice is to be given and a hearing granted only to the company directly affected by the Director's action. This section in no respect, by its terms, allows anyone or any interested person to intervene or object. If the appellants are proper parties to bring this action as aggrieved parties under the statute, the authority therefor must arise out of the language contained in section 407, supplemented by the language used in section 401 of the act.

As heretofore stated, section 401 contains no provision giving the specific right to the appellants to be heard and refers only to the right of the Director should he desire to conduct hearings and investigations.

Section 407 gives the right of review to any company or person aggrieved by the order or decision of the Director in the circuit court of the county in which the aggrieved has its principal office. This section further provides that a petition for review shall be filed within thirty days from the date of the service of a copy of the order or decision made by the Director "upon such company or person." The words of this section do not appear to contemplate service of the order or decision upon all persons who are licensed by the Director to do the same kind of business as a person seeking authority to transact business and does not call for service of the order upon all competitors of the company seeking authority to do business in order that a public hearing may be held thereon. It appears from the specific language of the section that the company or person who has the right to file a petition for review is that company or person involved in the granting of the certificate. In this case the only person or company directly affected was Lloyds.

In *Glos* v. *People,* 259 Ill. 332, this court defined the word "aggrieved" in the following language: "A person is prejudiced or aggrieved, in the legal sense, when a legal

right in invaded by the act complained of or his pecuniary interest is directly affected by the decree or judgment. * * * 'Aggrieved' means having a substantial grievance; a denial of some personal or property right."

In the old case of *The King* v. *The Justices of Middlesex,* 3 Barnewall and Adolphus, 938, an English case, it was quite pertinently said: "We think the words 'person who shall think himself aggrieved' mean a person who is immediately aggrieved by the act done, as by the refusal of a license to himself by fine, etc., and not one who is only consequently aggrieved."

It seems logical that the Director's order and decision renewing Lloyds' certificate did not directly affect the interest of the appellants since none of their certificates were involved in the decision nor was any order directed against any of them. Any prejudice resulting to them from the granting of the renewal of the certificate of authority to Lloyds was at most an indirect or inconsequential result thereof. It appears that the only possible interest appellants could have in this case would be to be free from the competition of a company that had not complied with the provisions of the code.

The general rule is that before a person not a party to a record can sue out a writ of error he must have a direct interest in the subject matter of the litigation, which interest is prejudiced or aggrieved by the judgment sought to be reviewed. *People ex rel. Altorfer* v. *City of Peoria,* 378 Ill. 572; *Hotchkiss* v. *City of Calumet City,* 377 Ill. 615; *White Brass Castings Co.* v. *Union Metal Mfg. Co.* 232 Ill. 165; *Leland* v. *Leland,* 319 Ill. 426.

The principles enunciated in these cases may well be applied in the interpretation of section 407. In other words, a direct, immediate and substantial interest rather than a speculative, theoretical, inconsequential or remote interest is the test as to whether a person or company may have a right of review.

Appellants contend that serious consequences will result by a denial to the appellants of the right to review. It is contended that the courts in this interpretation are being deprived of their power to inquire as to whether a certificate of authority has been issued by the Director without requiring compliance with the law and permits the Director, arbitrarily and without accountability to any court, to dispense with compliance by certain companies and require strict compliance with the code by others, and that where such inequality by the Director takes place, neither the aggrieved company, the People of the State of Illinois, nor anyone else can have a recourse against the Director.

In this regard, it must be kept in mind that the court has no right to read into the statute words that are not found therein, either by express inclusion or fair implication. *Illinois Central Railroad Co.* v. *Village of South Pekin,* 374 Ill. 431.

It has heretofore been held that the authority to grant or revoke a license by an executive officer without any provision for judicial review does not violate due process of law, (*People ex rel. Radium Dial Co.* v. *Ryan,* 371 Ill. 597,) nor can the failure on the part of a statute to provide parties with a remedy be cured by judicial interpretation. *Universal Credit Co.* v. *Antonsen,* 374 Ill. 194.

The Director of Insurance is an executive officer of the State and his acts as such officer are final and will not ordinarily be disturbed by the courts. The Illinois Insurance Code provides standards which must be met by every company seeking a certificate of authority to do business in Illinois. It is the duty of the Director to see that those standards are met before such a certificate is issued or renewed by him. Courts cannot assume to perform the duties and powers vested in the Director, nor to determine whether or not he has acted wisely. If the Director fails in the performance of his duty he is in the

same position as any other public official who improperly exercises the powers given him by statute.

In *People ex rel. Gosling* v. *Potts,* 264 Ill. 522, in considering a petition for *mandamus* against the superintendent of insurance to take necessary steps to authorize the incorporation of a company, it was said: "When the legislature has provided a law applicable to a case, it is the duty of the court, when called upon, to see that such law is enforced. The duty is imposed upon appellee to determine whether or not any persons applying for a charter come, by their statement, within the purview of the act. In determining that question he is compelled to decide according to legal principles and construe the law. If he makes a mistake in so construing the law, *mandamus* will lie."

We believe the trial and Appellate courts correctly allowed the motion of the appellee to strike the petition of appellants and to dismiss the same, and the judgment of those courts is affirmed. *Judgment affirmed.*