METROPOLITAN LIFE INSURANCE
COMPANY, a corporation,
Plaintiff-Appellee,

v.

METROPOLITAN INSURANCE COM-
PANY, a corporation, Defendant-
Appellant.

No. 12913.

United States Court of Appeals
Seventh Circuit.

May 13, 1960.

Frank Greenberg, Donald L. Thompson, Chicago, Ill. (Halbert O. Crews, Charles E. Zeitlin, Meyers & Matthias, Peebles, Greenberg & Keele, Chicago, Ill., of counsel), for appellant.

Owen Rall, Herbert C. Loth, Jr., Chicago, Ill. (Peterson, Lowry Rall, Barber & Ross, Chicago, Ill., of counsel), for plaintiff-appellee.

Before HASTINGS, Chief Judge, SCHNACKENBERG and KNOCH, Circuit Judges.

HASTINGS, Chief Judge.

This action was brought by plaintiff-appellee, Metropolitan Life Insurance Company (plaintiff), against defendant-appellant, Metropolitan Insurance Company (defendant), to enjoin defendant from using its corporate name or any name containing the word "Metropolitan" or any name deceptively similar to the name of plaintiff. Plaintiff moved for a temporary injunction based upon the verified complaint and supporting affidavits. The trial court continued generally plaintiff's motion for a temporary injunction on the ground that a trial on the merits would be shortly forthcoming.

By a timely motion to dismiss the complaint, defendant asserted the following defenses: (a) the complaint fails to state a cause of action upon which relief may be granted; (b) the plaintiff lacks capacity to sue for the relief prayed for in the complaint and the court lacks jurisdiction of the subject matter of the action in view of the applicable provisions of the Illinois Insurance Code.[1] The motion to dismiss was denied.

The errors relied upon for reversal arise from the denial of defendant's motion to dismiss and alleged erroneous findings of fact and conclusions of law. The parties agree that the law of Illinois governs the disposition of this case.

### I.

At the outset defendant concedes that absent the Illinois Insurance Code (Code) the action would lie and that it has the burden to show that it was the purpose of the Code to abolish the remedy invoked by plaintiff.[2]

---

1. Ill.Rev.Stat. ch. 73 (1959).

2. Cf. cases involving corporations regulated by the Business Corporation Act of Illinois, in which a corporation has access to the courts to challenge a deceptive name, nowithstanding prior approval by the Secretary of State. Lady Esther, Ltd. v. Lady Esther Corset Shoppe, 1943, 317 Ill.App. 451, 46 N.E. 2d 165, 148 A.L.R. 6; Metropolitan Opera Ass'n v. Metropolitan Opera Ass'n, D.C.N.D.Ill.1948, 81 F.Supp. 127, 130.

Defendant is a corporation organized and existing under the laws of the State of Illinois and has engaged continuously in the business of casualty insurance in Illinois since January, 1951. Defendant began business under the corporate name of Highway Casualty Company and used that name until December 21, 1956, when its name was changed to Highway Insurance Company. It kept this latter name until October 20, 1958, when it changed to its present name of Metropolitan Insurance Company. It effected this latest change by the required statutory procedure of submitting for filing and for approval to the Director of Insurance of the State of Illinois appropriate amended articles of incorporation. The amended articles were approved and filed by the Director of Insurance. Similar action was taken by defendant in the sixteen other states wherein it was authorized to do business, and approval was granted in each of such states.

Plaintiff is a corporation organized and existing under the laws of the State of New York and has transacted business as a life insurance company continuously since 1868. It was licensed to do business in the State of Illinois in 1868 and, with the exception of a short period between 1880 and 1881, has thereafter continuously transacted business in Illinois. Likewise, plaintiff is authorized to carry on and does engage in the life, accident and health and annuity business in all of the states of the United States, as well as in the District of Columbia, the Territory of Puerto Rico and the Provinces of the Dominion of Canada.

The change of name of defendant to Metropolitan Insurance Company and all of the steps to effectuate such change took place without prior notice to or prior knowledge of plaintiff. At no time did plaintiff consent to or acquiesce in such change of name. Plaintiff has filed no complaint with the Director of Insur-

ance of Illinois against defendant's use of its present name and has not sought a review or reversal by such Director of his administrative act in approving defendant's change of name from Highway Insurance Company to Metropolitan Insurance Company. As soon as it learned of this change of name, plaintiff demanded that defendant discontinue its use of its present name; but defendant refused to accede to this demand.

Section 7 of the Code [3] provides that "[t]he corporate name of any company organized under this article shall not be the same as, or deceptively similar to, the name of any domestic company, or of any foreign or alien company authorized to transact business in this State."

Section 14.1 of the Code [4] provides for the form of articles of incorporation, including a statement of the corporate name. Section 15 [5] provides that executed articles of incorporation shall be delivered to the Director of Insurance. Section 18 [6] provides that "[i]f the Director finds that the documents and papers so delivered comply with the provisions of this Code," he shall file them with his endorsed approval and the incorporation shall be deemed established.

Section 201 of the Code [7] provides that "[n]o order, judgment or decree enjoining, restraining or interfering with *the prosecution of the business* of any company" shall be granted "otherwise than upon the complaint of the Director represented by the Attorney General," except in certain instances not relevant here. (Emphasis added.) Section 401 [8] charges the Director with the enforcement and execution of all insurance laws of the State.

Section 407 of the Code [9] provides for review of any action of the Director by an aggrieved party in the state courts after such party receives a prescribed notice of such action from the Director.

3. Ill.Rev.Stat. ch. 73, § 619 (1959).

4. Ill.Rev.Stat. ch. 73, § 626.1 (1959).

5. Ill.Rev.Stat. ch. 73, § 627 (1959).

6. Ill.Rev.Stat. ch. 73, § 630 (1959).

7. Ill.Rev.Stat. ch. 73, § 813 (1959).

8. Ill.Rev.Stat. ch. 73, § 1013 (1959).

9. Ill.Rev.Stat. ch. 73, § 1019 (1957).

Defendant contends that this injunction proceeding is in effect an action charging it with a violation of Section 7 of the Code and charging further that the Director acted unlawfully in approving its corporate name. It argues that the Director's action cannot be disturbed except in a statutory proceeding for judicial review under Section 407 of the Code or by writ of mandamus. It says that the decision of the Director in such matters is vested with finality and that the courts cannot entertain an independent third-party action to review such a decision. It urges that only the Director, acting through the Attorney General, has standing to sue for an injunction in such cases. It finally concludes that plaintiff had an administrative remedy under the Code and, having failed to invoke or exhaust such remedy, the court is deprived of jurisdiction. Defendant relies on these theories in support of its claim of error in the denial of its motion to dismiss the complaint.

■ It is clear to us that plaintiff's action is not one to be defined within the narrow limits described by defendant. The complaint states ample equitable grounds for traditional injunctive relief. Plaintiff is plainly seeking to enjoin defendant from using a corporate name it claims to be so deceptively similar to its own name as to be likely to confuse and mislead the public with the resulting likelihood of injury and harm to plaintiff. Neither is a complaint made against the Director of Insurance nor is any relief sought under the Code.

■ We do not read into the Code any limiting purpose or intention to oust a court of its equitable jurisdiction to grant the relief sought under the circumstances described in the complaint.

The prohibitions in Section 201 are limited to interference with the prosecution of the business of an insurance company. That is not this case. Defendant may continue fully to operate and conduct its insurance business. Defendant cites and relies upon Winger v. Chicago City Bank & Trust Co., 1946, 394

Ill. 94, 67 N.E.2d 265 and People ex rel. Benefit Ass'n of Railway Employees v. Miner, 1944, 387 Ill. 393, 56 N.E.2d 353, as authority for holding no jurisdiction under Section 201. Those cases have no application here. In Miner, a class action by the members of a benefit insurance association, the relief sought was to require cancellation of an exclusive agency contract authorized by the directors and to remove and elect a new board of directors. The court held that this would constitute an interference with the business of the company. In Winger, a class action to require restoration by the directors of allegedly diverted funds and for an accounting, it was held that the court had jurisdiction; and the Miner case was distinguished. We think Winger gives strong support to plaintiff, rather than to defendant. To the same effect, see People ex rel. Parkinson v. Williams, 1945, 392 Ill. 224, 64 N.E.2d 464.

■ In seeking to limit relief sought here to the statutory proceeding for judicial review under Section 407 of the Code, defendant relies on American Surety Co. v. Jones, 1943, 384 Ill. 222, 51 N.E.2d 122 and People ex rel. Barber v. Hargreaves, 1940, 303 Ill.App. 387, 25 N.E.2d 416. Defendant's reliance on these cases is misplaced. In American Surety, 384 Ill. at page 229, 51 N.E.2d at page 125, the court points out that the Section 407 review is limited to "that company or person involved in the granting of the certificate." In the case at bar, plaintiff was not a party to the Director's administrative action in approving defendant's change of name; it received no notice of such contemplated action and was not served with a copy of the Director's decision. No such procedure was contemplated in the language of the statute. Defendant was the only party directly affected. No review of this action by plaintiff was permissible. Plaintiff did not fail to exhaust its administrative remedies because it had none.

■ We find no merit in the further contention that plaintiff is bound to seek

relief by way of mandamus to compel the Director to take corrective action if defendant is in violation of Section 7 of the Code.

We hold that the trial court did not err in denying defendant's motion to dismiss the complaint.

## II.

This brings us to a consideration of the case on its merits. Defendant contends that the record does not support the findings that there is likelihood of confusion and argues that the word "Metropolitan" is a weak mark not susceptible of exclusive appropriation by plaintiff.

█ The trial court entered 51 findings of fact and stated 10 conclusions of law upon which it founded its decree for an injunction favorable to plaintiff. The findings trace the origin, development and operation of plaintiff in the life insurance business over the past 90 years, including the use of the names "Metropolitan Life Insurance Company" and "Metropolitan" until they have become identified with the plaintiff in the public mind. The findings further demonstrate the deceptive similarity of defendant's name to plaintiff's corporate name and the resulting likelihood of confusion in the mind of the public. If the findings and conclusions find proper support in the record before us, they constitute a basis for the injunctive relief granted.

We shall not burden this opinion with a statement of the evidence and findings. We have examined the record and find ample support for the factual determination made by the court. Whether certain challenged findings be ultimate facts or conclusions, we hold they were correctly made and properly reflect the fair inferences to be drawn from the record as a whole.

██ It is well established in Illinois and by the decisions of this circuit that injunctive relief is properly granted in cases involving the use of deceptively similar names even though there is no proof of *actual* confusion. It is sufficient to show the *likelihood* that confusion will result and that the public might be misled. Of the many decisions to this effect we need only to refer to G. D. Searle & Co. v. Chas. Pfizer & Co., 7 Cir., 1959, 265 F.2d 385, 387; Keller Products v. Rubber Linings Corp., 7 Cir., 1954, 213 F.2d 382, 386, 47 A.L.R.2d 1108; Metropolitan Opera Ass'n v. Metropolitan Opera Ass'n, D.C.N.D.Ill.1948, 81 F.Supp. 127; Investors Syndicate of America v. Hughes, 1941, 378 Ill. 413, 422, 423, 38 N.E.2d 754, 759; Lady Esther, Ltd. v. Lady Esther Corset Shoppe, 1943, 317 Ill.App. 451, 46 N.E.2d 165, 148 A.L.R. 6. This is so even where there is no competition between plaintiff and defendant. Lady Esther, supra. We hold that the record lends ample support to the findings that there is likelihood of confusion and deception in this case. This is dispositive of defendant's other contentions relating to the likelihood of confusion.

Finally, defendant contends that "Metropolitan" is a weak mark and that plaintiff cannot appropriate it to its exclusive use beyond the field of life insurance. We are not favorably impressed with this contention. The question before us is whether defendant's name is deceptively similar to that of plaintiff. No relief is sought against any other party. Whether other insurance companies use the word "Metropolitan" in their corporate names is not relevant here. The propriety of such use in other situations would have to be determined on a case-by-case basis depending upon the circumstances surrounding each situation in a proper action.

The question quite naturally arises as to the reason for defendant's adoption of its latest name. The record is barren on this point. We shall not speculate on the answer. For whatever reason it was done, it is quite clear to us that the obvious result has been to create a deceptive situation giving rise to the likelihood of confusion in the public mind. That this may tend to harm plaintiff is properly to be considered. However, the paramount concern of the courts is the protection of the public interest. To this end the courts have a duty to invoke their

equitable powers to restrain such an invasion on the part of defendant. Otherwise, the likelihood of the commission of a fraud on the public is ever present; and this should be enjoined, unintentional though it may be.

We hold that the injunction was properly issued in this case.

The judgment of the district court is Affirmed.