Jessie M. GREENE, Allen Jefferson, Eugene Jefferson, Ora Lee Staten, Gloria D. Jefferson, Gerald V. Jefferson, Karen Robinson, Pearlie L. Hudson, Estella J. Harrell, Jesse Jefferson, Dollie M. Bussey, Tony G. Jefferson, Shirley L. Forman, and Mary Jefferson Roache, Plaintiffs,

v.

JC PENNEY LIFE INSURANCE COMPANY, Defendant.

No. 96–996–Civ–J–21–B.

United States District Court, M.D. Florida, Jacksonville Division.

Sept. 29, 1997.

H. Tyrone Tyler, Fannin, Tyler & Hamilton, P.A., Jacksonville, FL, for plaintiffs.

---

**1352**

Robert C. Gobelman, Allison Hunnicutt Hauser, Gobelman & Love, Jacksonville, FL, for defendant.

### ORDER

NIMMONS, District Judge.

This cause comes before the Court on Defendant JC Penney Life Insurance Company's Motion for Rehearing or Reconsideration of Defendant's Motion for Summary Judgment (Dkt.39); Plaintiffs' Motion for Summary Final Judgment (Dkt.37); and JC Penney Life Insurance Company's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment (Dkt.40).

### I. JC Penney's Motion for Reconsideration

The Court, by Order (Dkt.33) entered August 27, 1997, denied JC Penney's Motion for Summary Judgment (Dkt.16). In doing so, the Court determined that the alcohol-level exclusion contained in the subject JC Penney insurance policy would not be given effect as against the Plaintiffs' claim because the exclusion did not contain the language found in § 357.25, Ill.Stat., which requires proof of a causal connection between the insured's blood alcohol-level and the loss incurred.

JC Penney now moves the Court to reconsider its August 27, 1997, Order. In support of its motion, JC Penney claims that:

It would be in the interest of justice, fairness and judicial economy for the court to reconsider or rehear defendant's Motion for Summary Judgment. Given the time period this court allotted [to] JC Penney Life Insurance Company's counsel for responding to the issues raised in plaintiffs' Memorandum of Law Opposing Defendant's Motion for Summary Judgment (6 calendar days from receipt), the additional statutory and caselaw first identified by counsel for the plaintiffs at the hearing on the Motion for Summary Judgment, and the undersigned Florida counsel's unfamiliarity with Illinois law[,] this court should exercise its discretion to reconsider or rehear JC Penney Life Insurance Company's

Motion for Summary Judgment in light of the newly filed Declarations and argument....

JC Penney submits the declarations of Dr. Phillip O'Connor and Dianne Dominy which attest to the fact that the Director of the Illinois Department of Insurance ("Director") approved the language contained in the policy and certificate of insurance issued to the insured in this case. JC Penney asserts that in light of the fact that the Director specifically approved the form and content of the alcohol-level exclusion provision contained in the subject policy, it was not required to use the language of § 357.25, Ill.Stat.

■ The Court has the discretion to modify or rescind an interlocutory order any time before entry of final judgment in a case. *See Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir.1970).[1] Since the Court's August 27, 1997, Order denying JC Penney's Motion for Summary Judgment did not finally dispose of the case on the merits, it is interlocutory and subject to modification or rescission by the Court. *See John Simmons Co. v. Grier Bros. Co.*, 258 U.S. 82, 88, 42 S.Ct. 196, 198, 66 L.Ed. 475 (1921). Reconsideration of the denial of a motion for summary judgment on the basis of newly-submitted affidavits has been found not to be an abuse of discretion. *See Jones v. Wike*, 654 F.2d 1129 (5th Cir.1981).

■ In the instant case, JC Penney submits the newly-obtained declarations of Dianne Dominy, a former Product Filing and Compliance Manager for JC Penney's group accidental death and dismemberment insurance policies, and of Philip O'Connor, a former Director of the Illinois Department of Insurance. In her declaration, Ms. Dominy states, in relevant part, that as JC Penney's Product Filing and Compliance Manager, she had direct responsibility for preparing and filing the company's group policy forms with the Illinois Department of Insurance; that she was responsible for handling any objections the Illinois Insurance Department had with respect to the filings; that all of the

---

**1.** In *Bonner v. City of Prichard, Alabama,* 661 F.2d 1206 (11th Cir.1981), the Eleventh Circuit held that the decisions of the Fifth Circuit Court of Appeals, handed down by that court prior to

close of business on September 30, 1981, would be binding precedent on all federal courts within the Eleventh Circuit.

group accidental death and dismemberment policy forms JC Penney filed with and had approved by the Illinois Department of Insurance during her tenure as Product Filing and Compliance Manager contained "an intoxication exclusion substantially similar to the exclusion in the underlying group policy (Policy No. 25292) and the Certificate issued to decedent policy holder Jessie Jefferson;" that in September 1992, Dominy and her supervisor personally met with the person in charge of reviewing and approving accident and health insurance policies for the State of Illinois and were advised that the subject policy's intoxication exclusion would be approved; and that the policy and certificate of insurance forms issued to decedent Jefferson were approved by the Illinois Department of Insurance on July 21, 1992. A copy of the subject insurance policy and certificate of insurance forms, bearing an approval stamp of the Illinois Department of Insurance, are attached to Dominy's declaration.

In his declaration, O'Connor, in relevant part, states that the Director is explicitly given the power to allow insurance policies to vary from the standard provisions set forth in sections 357.1 to 357.30 of the Illinois Insurance Code; that with respect to the policy at issue in this case, JC Penney sought and received approval from the Director; and that the Director's approval extended to the "variant intoxication exclusion which provided that no benefit shall be paid for a loss that occurs while the covered person's blood alcohol level is 10 percent weight by volume or higher," and that the "approval of the Director also necessarily extended to the captioning used...."

The declarations of Dominy and O'Connor establish that JC Penney sought and obtained permission to use different wording for its intoxicants exclusion provision than set out in § 357.25, Ill.Stat. Section 357.26, Ill.Stat., made applicable to group accident and health insurance policies by § 367(2), Ill.Stat., provides that:

> If any provision of the preceding sections [357.1–357.25] is in whole or in part inapplicable to or inconsistent with the coverage provided by a particular form of policy the company, with the approval of the Director, shall omit from such policy any inapplicable provision or part of a

provision, and shall modify any inconsistent provision or part of the provision in such manner as to make the provision as contained in the policy consistent with the coverage provided by the policy.

Here, JC Penney has demonstrated that its policy number 25292 did not provide coverage consistent with the standard provision set forth in § 357.25, Ill.Stat., and that the Director approved the use of the exclusion language that was consistent with the coverage actually provided by the policy.

In light of JC Penney's newly submitted proof that it sought and received approval by the Director to use different wording for an intoxicant exclusion than that set forth in § 357.25, Ill.Stat., the Court rescinds its August 27, 1997, Order. Moreover, the Court finds that the applicable alcohol exclusion provision is that set out in JC Penney's policy number 25292, which provides that:

> No benefit shall be paid for Loss or Injury that:

> \*    \*    \*    \*    \*    \*

> 4. occurs while the Covered Person's blood alcohol level is .10 percent weight by volume or higher [.]

Since it is undisputed that at the time of the accident the insured had a blood alcohol level of .20% weight by volume, it appears that no genuine issues of material fact remain for disposition. Given that the insured's blood alcohol level was greater than 10% weight by volume at the time the loss occurred, the alcohol-level exclusion applies and entry of summary judgment in favor of JC Penney is appropriate.

## II. Plaintiffs' Motion for Summary Judgment

█ Plaintiffs move for summary judgment asserting that the alcohol exclusion provision in the subject insurance policy was not appropriately captioned pursuant to Illinois Law and is therefore unenforceable. Plaintiffs cite to the following language of § 357.14, Ill.Stat., in support of their position:

> [N]o such policy delivered or issued for delivery to any person in this State shall contain provisions respecting the matters

set forth in Section 357.15–357.25 unless such provisions are in the words in which they appear in this article; provided, however, that the company may, at its option, use in lieu of any such provision and corresponding provision of different wording approved by the director which is not less favorable in any respect to the insured or the beneficiary. **Any such provision contained in the policy shall be preceded individually by the appropriate caption appearing in the following sections** or, at the option of the company, by such appropriate individual or group captions or sub-captions so as the director may approve. (emphasis added). Plaintiffs contend that in the subject insurance policy, the "exclusions [as a group] are preceded by a caption "EXCLUSIONS" which is in all capital letters, however, these capital letters are smaller than the letters used to set forth benefits." Plaintiffs note that under the Illinois statutory scheme, each exclusion is distinctly and separately captioned. Specifically, the intoxicants and narcotics exclusion set forth is § 357.25, Ill.Stat., is preceded by a bold and all-capital-letters caption which reads: "**INTOXICANTS AND NARCOTICS**." Plaintiffs concede that, with respect to § 357.14, Ill.Stat., and the captioning requirements set forth therein, they have found no case law dealing directly with the failure of an insurance company to appropriately caption its exclusions. Nevertheless, Plaintiffs assert that since the purpose of the Illinois statutory scheme is the protection of insureds, "the only possible, meaningful remedy is to refuse to enforce a provision which the insurance carrier failed to properly caption."

In opposition to Plaintiffs' Motion for Summary Judgment, JC Penney asserts that the Director has the authority to approve policies, both as to form and content, containing an intoxication exclusion that is different from that set forth in § 357.25, Ill.Stat. JC Penney notes that the Director specifically approved the subject policy and certificate of insurance in their present form, including the specific captioning used. Citing to *American Surety v. Jones*, 384 Ill. 222, 51 N.E.2d 122, 126 (Ill.1943), JC Penney points out that the Director is an officer of the executive branch of the state and his decisions are final and ordinarily may not be disturbed by the courts. Moreover, JC Penney points out that the declarations of Dominy and O'Connor attest to the fact that the Director specifically approved the form of captioning contained in the subject policy. JC Penney argues that since the Director authorized the form and content of the exclusionary intoxication clause contained in the subject policy to be at variance with that contained in § 357.25, Ill.Stat., it is subject to enforcement as written.

The Court, having carefully reviewed the arguments, case law, and declarations submitted by the parties, finds that the Director approved the captioning contained in policy number 25292 which was issued to the insured in this case. On the basis of the Court's determination that the subject insurance policy was specifically approved in its present form by the Director of the Illinois Department of Insurance, the Plaintiffs' motion for summary judgment is denied.

Accordingly, it is **ORDERED** that:

1. Defendant JC Penney Life Insurance Company's Motion for Rehearing or Reconsideration of Defendant's Motion for Summary Judgment (Dkt.39) is **GRANTED,** and the Court **rescinds** its Order (Dkt.33) of August 27, 1997.

2. Defendant JC Penney Life Insurance Company's Motion for Summary Judgment (Dkt.16) is **GRANTED.**

3. Plaintiffs' Motion for Summary Final Judgment (Dkt.37) is **DENIED.**

4. The Clerk is **directed** to close this case.

5. Any pending motions are **DENIED** as moot.

**DONE AND ORDERED.**